UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 09-42728-MSH |
| BRIAN PROVENCAL ) |  |
| ) |  |
| Debtor. ) |  |
| ) |  |

**MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF MASSACHUSETTS DEPARTMENT OF REVENUE**

The Chapter 7 trustee of the estate of the debtor, Brian Provencal, seeks an order reducing by 50% the priority claim for unpaid income taxes in the amount of $4251.69 filed the Massachusetts Department of Revenue (MDOR). The trustee would force the taxing authority to look to the debtor's spouse, who is not in bankruptcy, for half the claim amount thereby freeing some cash in the bankruptcy estate to create a dividend to the lower priority general unsecured creditors. In opposing the trustee's request the MDOR sites Mass. Gen. Laws ch. 62C § 6(a) which provides:

> A husband and wife may make a single return jointly of income taxes under chapter 62... Such return shall be known as a joint return and shall include the income, exemptions and deductions of both spouses. *Each spouse shall be jointly and severally liable for the entire tax.* (Emphasis supplied)

In general, the validity of a claim is determined based upon state law. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 20, 120 S.Ct .1951, 1955, 147 L.Ed.2d 13 (2000) citing *Butner v. U.S.*, 440 U.S. 48, 54, 99 S.C.t 914, 918 (1979). ("The basic federal rule in bankruptcy is that state law governs the substance of claims…" ). *See also In re Coveney*, 202 B.R. 801 (Bankr. D. Mass. 1996) (applying Massachusetts law to determine debtor's liability for unpaid withholding and meals taxes). If the relevant state statute is unambiguous, there is no basis upon

1

which to alter the result mandated by the state statute unless there is a qualifying or contrary provision of the federal bankruptcy code that warrants a different result. *Butner,* 440 U.S at 55, 99 S.Ct. at 918 (1979). Since the bankruptcy code contains no provision preempting a state's right to apportion tax liability between married couples filing joint income tax returns there is no express preemption of the Massachusetts statute. But express preemption is only one type of preemption. *Gade v. Nat'l Solid Waste Management Ass'n*, 505 U.S. 88, 98, 112 S.Ct. 2374 (1992). The trustee urges me to disregard the requirements of chapter 62C because bankruptcy as a federal process trumps state law. In effect, the trustee urges that I find implied federal preemption. Implied federal preemption, however, presupposes federal law occupying the field in which a state law encroaches or more broadly, the existence of "conflicting requirements that impede the full purposes and objectives of the federal law." *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 354 B.R. 331, 337 (D. Mass. 2006). The bankruptcy code contains nothing that could be construed as inconsistent with or impeded by the Massachusetts statute imposing joint and several liability on spousal taxpayers.

The trustee suggests that the recent decision of the Massachusetts Supreme Judicial Court in *Hundley v. Marsh*, 459 Mass. 78, 944 N.E.2d 127 (2011), alters the effect of Mass. Gen. Laws ch. 62C § 6(a) in favor of the trustee. *Hundley* actually supports the MDOR's position. In that case, the United States Court of Appeals for the First Circuit certified to the SJC the question of how an income tax refund was to be apportioned between a debtor in bankruptcy and his non-debtor wife with whom he had filed a joint tax return. The First Circuit had determined that the issue of what property rights each spouse held in the refund was a question of state law for which there was no controlling precedent. *Hundley v. Marsh*, 603 F.3d 95 (1st Cir. 2010).

2

*Hundley* dealt with the appropriate formula *under state law* for allocating the ownership of an income tax refund between spouses when the applicable state statute was silent on the issue. The issue before me is the flip side of *Hundley*, namely the appropriate formula under state law for allocating income tax liability between spouses. The only difference is that with respect to the allocation of liability for the payment of income taxes the state statute is anything but silent. The liability is joint and several.

In keeping with the adage "be careful what you wish for", even if I accept the trustee's suggestion and adopt the formula for allocating income tax refunds endorsed by the SJC in *Hundley* and apply it to the allocation of tax liability, the trustee's suggestion of a 50-50 split between the spouses would be rejected out of hand. *Hundley* suggests that an appropriate allocation would be based on the hypothetical tax liability of each spouse as a married taxpayer filing a separate return. There is some indication in the record before me that such an allocation would greatly favor Mrs. Provencal. In fact, Mrs. Provencal is presently engaged in an administrative proceeding before the Internal Revenue Service seeking a determination of so-called "innocent spouse" status with respect to her federal income tax liability arising in the same year as the state tax liability at issue here. The MDOR has acknowledged, should Mrs. Provencal be accorded "innocent spouse" status by the IRS, that the MDOR would follow suit.

The debtor has requested a postponement of a ruling on the trustee's objection to the MDOR's claim pending the outcome of his wife's IRS administrative proceeding because the trustee has conceded, should the debtor's wife attain innocent spouse status, that he will abandon his efforts to bifurcate the MDOR's claim. The debtor is keenly interested in making sure that every penny of his bankruptcy estate is devoted to paying the MDOR's claim since what remains

3

unpaid survives his discharge. The debtor need not be concerned.

Because Massachusetts law is explicit and unambiguous as to the joint and several liability of spousal taxpayers, I have no authority to require the MDOR to split its claim between the debtor and his spouse. The trustee's objection to the claim of the MDOR is overruled and the claim is allowed as filed.

A separate order shall issue.


Dated: June 21, 2011                                                By the Court,


                                                                    _____
                                                                    Melvin S. Hoffman
                                                                    U.S. Bankruptcy Judge


Counsel appearing:          John A. Burdick, Jr., Paxton, MA
                            For the Chapter 7 trustee

                            Celine E. Jackson, Mass. Dept. of Revenue, Boston, MA
                            For the Mass. Dept. of Revenue

4